## CRUZ *v.* LÓPEZ ET AL.

APPEAL from a decision of the District Court of Mayagüez.

No. 427.—Decided January 16, 1911.

APPEAL—CONTRADICTORY EVIDENCE AND THE WEIGHING OF SAME BY THE TRIAL COURT.—In case the testimony is contradictory the weight given to the same by the trial court must be considered just and proper by the appellate court, unless it is shown that the trial court was actuated by malice, prejudice, or partiality, or that it committed material errors.

CONTRACTS—CONSENT OBTAINED BY FRAUD—ANNULMENT.—So that a contract may be annulled or rescinded on the ground that consent was obtained by fraud, the evidence establishing the fraud must be clear and convincing.

ID.—Even assuming that the evidence shows that O'Neill, a stranger to the contract which it is attempted to annul, had made false representations to Cruz to induce him to give his consent to the execution of the said contract, this fact by itself is not sufficient to impute knowledge thereof to López Díaz, the other party to the contract, or to make him responsible for the acts of O'Neill, because it has not been proved that the latter was the agent of López Díaz or that there was any connivance whatever between them.

ID.—From the allegations in the complaint it appears that the plaintiff himself, when he executed the contract which he is now endeavoring to annul, attempted to conceal all or part of his property to protect himself against the result of a certain judicial proceeding, which attempted concealment was in itself a fraud in law, and it is a principle of law that he who seeks justice because of fraud must himself be free from all fraud. *In pari delicto potior est conditio defendentis.*

ID.—CONSENT OBTAINED BY INFLUENCE.—Although it has been stated in some cases that if a person of weak character, and generally it is a woman, has been influenced by some one in whom he has confidence and because of such influence has given his consent to a deed transferring property, the courts will interfere to declare its annulment. This principle is not applicable to the present case because the evidence does not show that the plaintiff was a weak character, susceptible of being easily influenced, but, rather, that it was attempted to frighten him so that he would execute the contract, which is not sufficient to constitute the intimidation or fraud to which the law refers. It has not been proved that he was coerced or threatened in any way.

ID.—CONSIDERATION FOR THE CONTRACT.—In the absence of evidence which positively shows the contrary it must be presumed that for a contract which has been reduced to a public deed, in which both parties acknowledge the existence of a consideration and to which the notary certifies, there must have been consideration.

The facts are stated in the opinion.

*Messrs. F. L. Cornwell* and *Fernando Vázquez* for appellant.

*Messrs. Eduardo Acuña* and *José E. Figueras* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

On May 4, 1909, the District Court of Mayagüez rendered judgment dismissing the complaint in this case with costs against the complainant. An appeal was taken from this judgment on May 11, 1909. On May 15 the court made and filed a statement of facts with conclusions of law which is also called a judgment (*sentencia*). Exceptions were filed to these findings of fact; they were amended in some particulars, and the appellant urges a multitude of reasons why the findings are erroneous. In the consideration of a large number of these alleged errors is involved the question of the weight of the evidence and of the value to be given the testimony of the complainant. It is evident from the findings of fact that the court gave no credence to the principal witness for the complainant, the complainant himself; and, unless something appears in the record which convinces us clearly that the court was prejudiced against the witness or was moved by passion or partiality or has committed a manifest error, we cannot say in this case that such findings of fact were erroneous in this regard.

This was a suit to cancel a deed made by the complainant, Rafael Cruz, to the defendants, Ulises and Ernesto López Díaz, for the consideration, as recited in the deed, of $8,000. The complainant also asked $25,000 damages. There were three principal averments made by the complainant, namely:

1. That the document was signed without his consent.

2. That he was persuaded to appear before the notary and permit the signing of the document by fraudulent representations on the part of Alberto O'Neill, cousin of the grantee, who is also made a defendant in this case.

3. That no consideration passed in the transaction.

The first averment was contradicted by complainant's own testimony in regard to his being persuaded to appear before the notary and permit the signing of the deed, as

maintained in the second averment. Moreover, the aged notary who executed the deed, as well as his son, gave testimony tending to show that Rafael Cruz legally executed the deed in their presence. He himself, on that occasion, as his own testimony shows, urged some changes in the deed with respect to the land described. The evidence is clear that he was to all appearances willing and ready to sign the deed, and did it with a full consciousness that he was signing a paper of this kind. The evidence is also clear that he had previous experience in similar business matters, although he testifies that he relied a great deal on Ulises López, who is also made a defendant and who is the father of the two other defendants with the same surname.

The next matter raised by the appellant is that the deed was obtained by false representations on the part of the defendant, Alberto O'Neill. The essential averments of the complaint are that Alberto O'Neill, in combination, conspiracy, and agreement with the defendants and with the intention of depriving the complainant of the property before described, and knowing that the complainant was an unlettered person, ignorant, and without experience in matters of this sort, and that the complainant had reposed full confidence in Alberto O'Neill, falsely represented and made the complainant believe that one of his own daughters, who had married a certain Antonio Ponce against her father's will, was going to take from him, through the judicial tribunals, part or all the property described in the complaint if he did not sell or transfer said property by means of a public deed or document before a notary. Then the complaint goes on to set forth that in pursuance of such fraudulent combination and conspiracy the defendants persuaded the complainant to appear before a notary and make the deed which is now sought to be set aside. The sixth paragraph of the complaint sets up that, in furtherance of the conspiracy and combination, the defendants offered him certain papers which he believed to be promissory notes to his order as the

amount or quantity of such sale, and that he refused and still refuses and always has refused to accept the same, and that no sum of money of any kind has been paid to him.

The complainant and others did in fact give testimony tending to show that he consented to the execution of the deed on representations of Alberto O'Neill, cousin of the grantee, to the effect that he would thereby be saved by Ulises López, father of the grantee, from a suit which it was said to him was about to be brought against him by his daughter, Alejandra Cruz, and her husband, Antonio Ponce. The complainant stated that Alberto O'Neill constantly told him that the transfer of property was necessary to save him from this result; that Alberto O'Neill showed him various letters from an attorney, Salvador Mestre, with reference to the matter, and that Mestre himself, so the complainant stated, acknowledged that the letters were written to secure the property for López Díaz.

It should be noticed that the complainant is a man who began life as a simple peon and has acquired considerable property, but he does not explain how the transfer of the particular property described in the complaint was necessary for his salvation, nor how this was endangered, nor why his other property, land, cattle and money, were not affected. He admits that as regards any possible suit he is in the same position since the deed was made as he was before, and he asserts that he fears no suit from his daughter, as she has no rights against him. The attorney, Mestre, admits that he wrote a letter to O'Neill inquiring as to Cruz's financial standing and the relation between Cruz and Ponce, but denies any other letters or statements.

As we have said before, we do not see that the court committed any error in not believing the testimony of Cruz; but in any event, in order to annul or rescind a contract on the ground of fraud, something more is necessary than was proved in this case. The proof of fraud must be clear and convincing. (*Carrero* v. *Calzada* [15 P. R. Rep., 340], de-

cided June 2, 1909; *Lamas Lamela* v. *Manuel Roig y Hernández* [15 P. R. Rep., 481], decided June 24, 1909.)

The complainant charged fraud, combination, and collusion between the defendants, López Díaz and O'Neill. There was absolutely no proof of such fraud or combination. There was no proof that Alberto O'Neill was the agent of the brothers López Díaz, except to aid them in getting the deed. There was no proof that Alberto O'Neill, if he made the representation that he did, did so in furtherance of any scheme or understanding between himself and the defendants López Díaz. If it is a fact that Alberto O'Neill made there alleged fraudulant representations to the complainant to accomplish the sale, such fact alone would not charge the defendants with a knowledge of or responsibility for such acts.

Furthermore, supposing the complainant to be a normal person and able to look after his own affairs, then it would appear that in this case he was trying to protect part or all of his property from being reached by legal processes. This is an averment of the complaint itself. In other words, in the case of an adverse judgment against him, he was trying to prevent his property from being reached. This in itself would have been a fraud in the law. He who comes in the courts asking a relief on account of fraud must do so with clean hands. *In pari delicto potior est condition defendentis.*

There are cases wherein it is held that if a person of a feeble mind, most frequently a woman, is imposed upon by another person in whom the victim confides, the courts will intervene to set aside a conveyance. (*Harding* v. *Handy*, 11 Wheat., 103; *Allore* v. *Jewell*, 94 U. S., 506; *Conley* v. *Nailer*, 118 U. S., 133; note to *Hough's Administrators* v. *Hunt*, 15 Am. Dec., 573.)

In this case there is no proof that the complainant was a person of feeble mind. It is true that he was illiterate, that he relied a great deal on the father of the two men to whom he made the conveyance. The complainant himself denies that he had many transactions with Alberto O'Neill, but that he

generally relied on Ulises López Díaz, the father. There is no evidence of any action on the part of said father which affected the complainant in this case. The complainant, as the evidence shows, is a man of business sufficiently astute to have acquired considerable property by his own efforts. It was not shown that the complainant put any special trust in Alberto O'Neill before this transaction. The evidence in this case shows at most an attempt to frighten the complainant into making the deed to the defendants; but this is not the intimidation of which the law speaks, nor is it a fraud. The complainant was not coerced or threatened with bodily harm or any other consequence which would make up duress or intimidation.

We have partly been considering this case on the theory of the truth of the complainant's testimony, but we think that the preponderance of the evidence is against the truth of the theory urged by the complainant in his complaint.

The complainant also alleges that the deed was without consideration. The notary states that the complainant admitted consideration. The complainant also in his complaint sets up the offer of some promissory notes endorsed by Ulises López, the father, payable to the order of the complainant. In his testimony the complainant admits the manual tradition of the same. He also testifies that he offered them to Ulises López, the father, but it is not known what became of them.

In the absence of more positive proof than this, we must, in the face of the public deed, assume the existence of a full understanding and consideration between the complainant and the defendants as to payments. There was evidence on the trial tending to show that the property in question was worth more money, and we are inclined to agree with the trial court in its opinion that the action on the part of the complainant was an afterthought and that he desired to better his situation.

The record in this case had to be reformed by striking out

a large number of repetitions, but the unnecessary matter remained in the file along with other repetitions which were not stricken out. The confused state of the record and the voluminous repetitions of irrelevant matters are partly the cause of the delay in the rendition of this decision.

Finding no error in the judgment of the trial court it should be in all things affirmed.

*Affirmed.*

Chief Justices Hernández and Justices MacLeary and del Toro concurred.